## Case No. 17,822.

### WILSON v. MARSHAL OF THE DISTRICT OF COLUMBIA.

[1 Cranch, C. C. 608.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

HABEAS CORPUS—IMPRISONED DEBTOR.

When a debtor is in the prison bounds, the court will not award a habeas corpus to discharge him on the ground that his creditor has refused to pay his daily allowance.

Motion for habeas corpus to bring up W. Wilson, a debtor confined in the prison bounds of Alexandria, upon a capias satisfaciendum in a civil cause, to be discharged. The marshal having demanded of the creditor the daily allowance according to the act of congress of March 3, 1803 (2 Stat. 237), which the creditor refused to pay. Notice of this motion had been served on Colonel Simms, the agent of the creditor.

E. J. Lee, for Wilson. There is no difference between imprisonment within the walls of the prison-house and the walls of the prison-yard. The statute says that the party keeping within the bounds shall be "adjudged in law a true prisoner."

THE COURT refused to issue the habeas corpus, saying that they would not in this ex parte summary mode undertake to decide the question of law. Mr. Wilson, if he chose to run the risk of involving his sureties, might depart; or if the marshal was satisfied, he might discharge him; or if the marshal refused, he might bring his action of false imprisonment.

Mr. Lee afterwards applied to the supreme court of the United States, who refused to award a habeas corpus, not being satisfied that a habeas corpus is the proper remedy in a case of arrest under civil process. 6 Cranch [10 U. S.] 52.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]